IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michelle Craig,  :
        Plaintiff  :  Civil Action 2:11-cv-658

v.  :  Judge Sargus

Michael J. Astrue,  :  Magistrate Judge Abel
Commissioner of Social Security,
        Defendant  :

**REPORT AND RECOMMENDATION**

Plaintiff, Michelle Craig brings this action under 42 U.S.C. §§405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income benefits. This matter is before the Magistrate Judge for a report and recommendation on the administrative record and the parties' merits briefs.

**Summary of Issues.** Plaintiff Craig maintains she became disabled in 1995, at age 21, by asthma, migraine headaches and back pain. (R. 179.) She was 36 years old at the time of the administrative hearing. The administrative law judge found that Craig maintains the ability to perform work having medium exertional demands but is limited to simple repetitive tasks and low-stress work. Plaintiff argues that the decision of the Commissioner denying benefits should be reversed because:

- The administrative law judge failed to properly evaluate the opinion of Craig's treating psychiatrist, Dr. Nahar and treating social worker, Shirley Pickett.

- The Appeals Council erred in failing to find new and material evidence of severe impairments warranting review. Craig seeks remand pursuant to sentence six of 42 U.S.C. § 405(g).

**Procedural History.** Plaintiff Craig protectively filed her application for supplemental security income on October 5, 2006, alleging that she became disabled on January 1, 1995, at age 33. (R. 153-55.) The application was denied initially and upon reconsideration. Plaintiff sought a *de novo* hearing before an administrative law judge. On November 24, 2009, an administrative law judge held a hearing at which plaintiff, represented by counsel, appeared and testified. (R. 15-30, 37-41.) A vocational expert also testified. (R. 30-37.) On February 11, 2010, the administrative law judge issued a decision finding that Craig was not disabled within the meaning of the Act. (R. 81-91.) On May 25, 2011, the Appeals Council denied plaintiff's request for review and adopted the administrative law judge's decision as the final decision of the Commissioner of Social Security. (R. 1-5.)

**Age, Education, and Work Experience.** Craig was born in May 1973. (R. 153.) She has a "limited" education, having completed the ninth grade. (R. 185.) Craig previously worked as a cashier, nurse's assistant and a spot welder. (R. 89, 169-77, 180.)

**Plaintiff's Testimony.** The administrative law judge fairly summarized Craig's testimony as follows:

> In written statements, the claimant alleged a disability due to asthma, migraines, and back pain. The claimant specified that she is unable to lift or carry items without having trouble breathing. The claimant explained that after exertion, she needs to use her inhaler and sit down to catch her breath.
>
> At the hearing, the claimant testified that she is unable to walk far without breaks. The claimant noted using her inhaler about 10 times a day. The claimant reported pain in her mid to lower back that requires regular treatment consisting of pain medications and injections. The claimant stated that she is depressed, has difficulty concentrating, and does not like

2

to go outside or be around people. The claimant indicated having a history of abuse and beginning therapy in May 2009. The claimant reported having difficulty in school, but acknowledged that she is able to read. Also, the claimant stated that she worked as a cashier and was able to make change.

(R. 86, citation to record omitted.)

**Medical Evidence of Record.** The administrative law judge's decision fairly sets out the relevant medical evidence of record. This Report and Recommendation will only briefly summarize that evidence[1].

<u>Charles J. Kistler, D.O.</u> Craig treated with family physician, Dr. Kistler, from at least June 1995 through June 2007. Craig was seen by Dr. Kistler for asthma, migraines, low back pain, lung disease, and back problems. (R. 250, 276, 423-41.) Dr. Kistler prepared numerous telediction reports to the BDD. In February 2007, Dr. Kistler opined that Craig appeared to be permanently and totally disabled from her thyroid and breathing problems. (R. 250, 276.) On July 12, 2007, Dr. Kistler listed Craig's diagnoses as lumbosacral sprain/strain, hypothyroidism, sinusitis, bronchitis, chronic obstructive pulmonary disease (COPD), restrictive airway disease, migraine cephalgia, and morbid obesity. (R. 420.) He concluded that Craig continued to be disabled from a physical and psychological standpoint. *Id.*

<u>William L. Washington, M.D.</u> Craig treated with family physician, Dr. Wash-

---

[1]Even though the administrative law judge determined that Plaintiff had a number of severe physical impairments, on appeal, however, Plaintiff's arguments relate only to mental impairments. (*See* Doc. 15.) Consequently, this Report and Recommendation, like Plaintiff's Statement of Errors and the Commissioner's Memorandum in Opposition, will consider only evidence and determinations relating to Plaintiff's mental impairments.

3

ington from at least August 2005 through September 2009. (R. 256-74, 442-60, 487-617, 625-49, 661-65.) A treatment note from May 27, 2009, showed that Craig reported she had been the victim of sexual and physical assaults as a child and was experiencing increased feelings of anger. (R. 631-32.) She was assessed with anger management related to childhood abuse. *Id.*

Allan B. Rain, M.A. On April 11, 2007, Dr. Rain, a psychologist, examined Craig on behalf of the Bureau of Disability Determination (BDD). (R. 370-76.) Craig reported that she was "depressed all of the time" since she had been unemployed. Her self rated level of depression was at a 7/10. (R. 372.) Dr. Rain noted confusion and trouble concentrating, as well as temporary irritation, mental slowness and tiredness. *Id.* IQ testing resulted in a verbal IQ score of 70, performance IQ score of 90, with a full scale IQ score of 77. (R. 374.) Dr. Rain found that she exhibited features of sadness, depression, difficulty concentrating and confusion. Dr. Rain diagnosed Craig with major depressive disorder, recurrent type and a cognitive disorder. He assigned Craig a Global Assignment of Functioning (GAF) score of 50. Dr. Rain opined that Craig was markedly impaired in her ability to relate to others, including co-workers and supervisors; understand and carry out simple instructions; maintain attention, concentration, persistence and pace to tend to simple, repetitive tasks; and withstand the stressors and pressures associated with daily work life. (R. 375.)

Karen Stailey-Steiger, Ph.D. On April 25, 2007, Dr. Stailey-Steiger, a state agency psychologist, conducted a mental residual functional capacity assessment based upon

4

the record. (R. 378-95.) Dr. Stailey-Steiger opined that Craig had mild limitations in her social functioning and activities of daily living, as well as moderate limitations in her ability to maintain concentration, persistence or pace. (R. 382, 392.) Dr. Stailey-Steiger concluded that Craig could perform simple routine tasks and interact with others at least superficially for short periods of time. (R. 380.) She indicated that the objective evidence and evidence of Craig's activities of daily living did not support Dr. Rain's opinion. *Id.* Dr. Stailey-Steiger's assessment was affirmed by another state agency psychologist, Dr. Hoyle, in August 2007. (R. 462.)

<u>North Central Mental Health Services: Shamsun Nahar, M.D. and Shirley Pickett, MA, LSW.</u> On May 31, 2009, Craig underwent an assessment at North Central Mental Health Services. (R. 620-24.) She reported a lifelong history of depression, worse as of the start of the year when she lost her job as a spot welder. (R. 621-22.) She has one good friend, has issues with authority figures, and was battered by the father of her children. Craig reported that her anxiety and fear affect her ability to function in social situations. Intake counselor, Ann McNeer, MA, LSW, noted during Craig's mental status examination that her mood was depressed and anxious. (R. 623.) Craig was noted to be independent in her activities of daily living at an adequate level of functioning. *Id.* Craig was diagnosed with major depression, recurrent, severe and post-traumatic stress disorder and was assigned a GAF of 44. (R. 624.) Craig was referred to the Recovery Assistance Program for case management, counseling for PTSD, and a psychiatric evaluation. *Id.*

5

On June 15, 2009, Craig first saw Shirley Pickett, MA, LSW (Ms. Pickett), who found Craig had symptoms of mood instability, an inability to understand or communicate, diminished capacity to function, anxiety, and a diminished capacity to establish/maintain relationships. (R. 674-75.) Craig saw Ms. Pickett two more times through September 2009. (R. 666-67, 669-70.)

Craig saw psychiatrist Dr. Polarju on June 16, 2009. (R. 618-19.) Craig reported worsening symptoms of depression and irritation. She reported that she mostly stays in bed, did not enjoy the company of her grand children and had episodes of anger for no reason. She had occasional suicidal thoughts. Craig was diagnosed with dysthymia and superimposed major depressive disorder; rule out cyclothymia and bipolar. She was prescribed medication. *Id.*

Craig saw psychiatrist Dr. Nahar for the first time on August 16, 2009. (R. 652-53.) A mental status examination demonstrated a depressed and anxious mood, and short-term and remote memory deficits. *Id.* Dr. Nahar diagnosed major depressive disorder, recurrent, severe, with psychosis; and post-traumatic stress disorder, chronic, severe, and assigned Craig a GAF score of 45. (R. 653.) Due to side effects, Dr. Nahar switched her psychotropic medication. (R. 652-53, 656.)

On September 11, 2009, Craig reported to Dr. Nahar that she had some improvement in sleep and energy but continued to experience paranoia around adult males, having flashbacks of rape, and continued to hear a guy's voice. Mental status examination demonstrated depressed and anxious mood with hallucinations and paranoid

6

delusions. Dr. Nahar added Abilify to her medications. (R. 650-51.)

Dr. Nahar saw Craig in October 2009, where she reported that she was doing "ok." (R. 682.) Mental status examination demonstrated depressed and anxious mood, auditory hallucinations, paranoid delusions, short term and remote memory deficits. *Id.*

On October 16, 2009, Dr. Nahar and Ms. Pickett completed a medical source statement as to Plaintiff's mental capacity. In their opinion, Craig had good ability in four work related functions; fair ability in eight work related functions; and poor ability in nine work related functions which included: maintain attention and concentration for extended periods of 2 hour segments; deal with the public; function independently without special supervision; work in coordination with or proximity to others without being unduly distracted or distracting; deal with work stresses; complete a normal workday and workweek without interruption from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods; understand remember and carry out complex job instructions; socialize; and manage funds and schedule. (R. 685-86.)

**Administrative Law Judge's Findings.** The administrative law judge found that:

1. The claimant engaged in substantial gainful activity during the following periods: May 2008 to November 2008 (20 CFR 416.920(b) and 416.971 *et seq.*).

2. The claimant has the following severe impairments: Asthma; Chronic Low Back Pain; History of Migraine Headaches; Cognitive Disorder; Depressive Disorder; and History of Post Traumatic Stress Disorder (PTSD) (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant is capable of occasional climbing of ramps and stairs, but no use of ladders, ropes, or scaffolds; must avoid even moderate exposure to extreme cold and heat, humidity, as well as respiratory irritants such as fumes, odors, dusts, gases, poor ventilation, etc.; is capable of simple repetitive tasks and low-stress work.

1. The claimant is unable to perform any past relevant work (20 CFR 416.965).

2. The claimant was born on May 8, 1973 and was 33 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

3. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

4. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 416.968).

5. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

6. The claimant has not been under a disability, as defined in the Social Security Act, since October 5, 2006, the date the application was filed (20 CFR 416.920(g)).

(R. 83-90, citation to record omitted).

**Standard of Review**. Under the provisions of 42 U.S.C. §405(g), "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." Substantial evidence is "'such relevant evidence as a reasonable mind

8

might accept as adequate to support a conclusion."' *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)). It is "'more than a mere scintilla.'" *Id. LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976). The Commissioner's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Secretary*, 736 F.2d 365, 366 (6th Cir. 1984); *Fraley v. Secretary*, 733 F.2d 437, 439-440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "'take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1950)); *Wages v. Secretary of Health and Human Services*, 755 F.2d 495, 497 (6th Cir. 1985).

**Plaintiff's Arguments.** Plaintiff's principle argument is that the administrative law judge failed to properly evaluate the opinion of treating psychiatrist, Dr. Nahar and treating therapist, Ms. Pickett. (Doc. 15 at 7.) Plaintiff argues that the administrative law judge dismissed these treating medical providers' opinions and provided a cursory and insufficient explanation for doing so. *Id.* at 10. According to Plaintiff, the medical records demonstrate Dr. Nahar and Ms. Pickett's opinions to be well supported by their own treatment notes, other treatment notes from North Central Mental Health Services where they practiced, as well as by evidence from other medical sources. *Id.* Craig further contends the consultative psychological examination performed by Dr. Rain reaches conclusions very much consistent with those of Dr. Nahar and Ms. Pickett. *Id.*

9

at 12.

In addition, Craig requests remand pursuant to sentence six of 42 U.S.C. § 405(g) for the taking of new and material evidence. The records from North Central Mental Health Services dated from June 2009 through March 2011 were originally submitted to the Social Security Administration's Appeals Council, but the documents were not considered. According to Craig, the evidence demonstrates a refinement of Craig's true diagnoses and also demonstrates that her condition actually worsened since the date of the administrative law judge's decision. (Doc. 15 at 16-20.)

**Analysis.**

Treating physician. The treating physician rule, when applicable, requires the administrative law judge to place controlling weight on a treating physician's or treating psychologist's opinion rather than favoring the opinion of a nonexamining medical advisor or a one-time examining physician or psychologist or a medical advisor who testified before the administrative law judge. *Blakley v. Comm'r. of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009); *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). A treating physician's opinion is given controlling weight only if it is both well supported by medically acceptable data and if it is not inconsistent with other substantial evidence of record. *Id.*

Furthermore, the Commissioner's regulations provide that he will generally "give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 416.927(d)(1). When a

10

treating source's opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." 20 C.F.R. § 416.927(d)(2). In determining the weight to assign a treating source's opinion, the Commissioner considers the length of the relationship and frequency of examination; nature and extent of the treatment relationship; how well-supported the opinion is by medical signs and laboratory findings; its consistency with the record as a whole; the treating source's specialization; the source's familiarity with the Social Security program and understanding of its evidentiary requirements; and the extent to which the source is familiar with other information in the case record relevant to decision. *Id.*

There is a rebuttable presumption that a treating physician's opinion is entitled to great deference. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007). However, for the treating physician's opinion to have controlling weight it must have "sufficient data to support the diagnosis." *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 536, 538 (6th Cir. 1981); *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985). The Commissioner may reject the treating doctor's opinions when "good reasons are identified for not accepting them." *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988); 20 C.F.R. § 416.927(d)(2)("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion"); *Wilson*, 378 F.3d at 544 (6th Cir. 2004).

The administrative law judge provided a detailed and well-supported descrip-

tion of the medical source opinions and records. *See* R. 86-89. Contrary to Craig's contentions, the administrative law judge provided sufficient information to show that he weighed the medical source opinions as the Regulations required. The administrative law judge began his discussion of Craig's residual functional capacity by stating, in part, that he "considered opinion evidence in accordance with the requirements of 20 CFR 416.927and SSRs (Social Security Rulings) 96-2p, 96-5p, 96-6p and 06-03p." (R. 85.)

In challenging the administrative law judge's findings, Craig argues that the administrative law judge should have relied on the opinion of Dr. Nahar and Ms. Pickett, who opined that Craig was unable to work. (Doc. 15 at 7.) The administrative law judge properly declined to place controlling or substantial weight on Dr. Nahar and Ms. Pickett's disability opinions because it was "inconsistent with the evidence of record." 20 C.F.R. § 416.927(d)(2); *see Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007). Dr. Nahar and Ms. Pickett's opinion that Craig has poor ability in nine work related functions appears in boxes they checked without any supporting explanation or reference to medical evidence, beyond "please see office notes." (R. 685-86.) Dr. Nahar and Ms. Pickett's assessment was conclusory and provides no significant insight into their reasoning. *Id.*

The administrative law judge, moreover, did not err by finding that Dr. Nahar and Ms. Pickett's opinion that Craig could not work due to her alleged mental impairment, because "Dr. Nahar began treating the claimant only recently and the conclusions do not extend back to the date of the SSI application, nor does it include an explanation

12

for the fact that the claimant worked at SGA levels for si[x] months in 2008." (R. 88-89.) The administrative law judge substantiated his findings by noting, for example, that Craig worked in 2008 and the absence of treatment from 2005 into 2009. (R. 86-89.)

The administrative law judge further considered that Craig did not seek psychiatric treatment until May 2009. Moreover, with treatment and medications, her mental state began to improve and stabilize within a few months. (R. 89.) The treatment records from North Central Mental Health Services, showed therapy for about six months prior to Dr. Nahar and Ms. Pickett's opinion.

Craig also suggests that Dr. Rain's opinion supported Dr. Nahar and Ms. Pickett's opinion, and that the administrative law judge improperly failed to acknowledge this fact. (Doc. 15 at 13.) Contrary to Craig's arguments, the administrative law judge accurately set forth the substance of Dr. Rain's 2007 opinion. (R. 87.) Craig argues the administrative law judge provided no analysis or references to the record to support his conclusion. Even if true, this is not reversible error. The decision contains relevant facts demonstrating that the administrative law judge properly considered the opinion. For instance, the administrative law judge noted that Dr. Rain was a consulting psychiatrist who saw Craig at the request of the BDD. (R. 87.) *See* 20 C.F.R. § 416.927(d)(1)-(2), (5). The administrative law judge noted that Dr. Rain tested Craig and made observations about Craig's memory, cognition and reports of activities of daily living. *Id. See* 20 C.F.R. § 416.927(d)(3). The administrative law judge also reviewed the other evidence in the record, and while he did not make a direct comparison to Dr. Rain's opinion, the

language in the decision reveals that the administrative law judge found that the evidence generally supported the opinion. *See* 20 C.F.R. § 416.927(d)(4).

Remand under Sentence Six of 42 U.S.C. § 405(g). Under sentence six of 42 U.S.C. § 405(g), this Court may remand a case to the Social Security Administration "because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). The provision "was enacted, at least in part, to limit the discretion of federal judges to remand for reconsideration of new evidence." *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) (citations omitted). A sentence six remand for consideration of additional evidence is warranted only if (1) there is good cause for the failure to incorporate this evidence into the record at the prior hearing, and (2) the evidence is new and material. 42 U.S.C. § 405(g); *see Melkonyan*, 501 U.S. at 89; *see also Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Craig – the party seeking a sentence six remand in the present case – bears the burden of establishing these two remand requirements. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006). To be "material," new evidence (1) must be relevant to and probative of an applicant's condition prior to the Commissioner's decision, and (2) must establish a reasonable probability that the Commissioner would have reached a different decision if the evidence had been considered. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *Oliver v. Sec'y of Health*

*& Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986)).  New evidence is cumulative and not sufficient to warrant remand if it relates to an issue already fully considered by the Commissioner.  *Id.* (citing *Carroll v. Califano*, 619 F.2d 1157, 1162 (6th Cir. 1980)).

Regarding "good cause," the Sixth Circuit "has taken a harder line" than some other circuit courts.  *Oliver*, 804 F.2d at 966.  In order to establish good cause in this Circuit, a plaintiff "must give a valid reason for his failure to obtain evidence prior to the hearing" for inclusion in the administrative record.  *Id*. (citing *Willis*, 727 F.2d at 554).

Plaintiff seeks remand based on treatment records from North Central Mental Health Services dated from June 2009 through March 2001.  (R. 687-787.)  Treatment notes from North Central Mental Health Services document symptoms of paranoia, intermittent suicidal thoughts,  audio and visual hallucinations, depression and anxiety, poor sleep, including flashbacks and nightmares.  (R. 694-95, 701-02, 707-08, 711-13, 718-19, 720-22, 755, 764-67,  777-78, 780, 782.)  Her diagnoses included major depressive disorder with psychosis, and post traumatic stress disorder- chronic, severe and schizoaffective disorder.  (R. 698-99, 701-02, 707-08, 718-19.)  These treatment notes also show that Plaintiff's medications were adjusted.  (R. 694-95, 701-02, 718-19.)  In this case, Plaintiff is not entitled to remand under sentence six.  Evidence that a plaintiff's health has deteriorated since the Commissioner's decision is not material to that application, and the appropriate remedy is a new application.  *Sizemore*, 865 F.2d at 712.

Turning to materiality, Plaintiff's additional evidence (1) must be relevant and

15

probative of her condition prior to the administrative law judge's decision, and (2) must establish a reasonable probability that the administrative law judge would have reached a different decision if he had considered the evidence. *See Sizemore*, 865 F.2d at 711.

Plaintiff urges that evidence of this additional treatment at North Central Mental Health Services documents further intensity of Plaintiff's mental health problems. Based on the evidence submitted to the Appeals Council and a review of the administrative law judge's decision, as the Commissioner noted, it is unlikely the administrative law judge would have awarded benefits based on the additional evidence. The administrative law judge did discuss plaintiff's mental health treatment during his analysis of medical records. Here, the newly submitted evidence is not material because it is unlikely that the administrative law judge would have reached a different disposition of the disability claim if presented with this evidence. This evidence does not create a reasonable probability of a favorable disability determination on remand because it does not identify any limitation that would preclude Plaintiff from performing of simple repetitive tasks and low-stress work. *See* R. 85; *see also Foster v. Halter*, 279 F.3d 348, 358 (6th Cir. 2001). Consequently, Plaintiff's additional mental health related evidence is not material.

From a review of the record as a whole, I conclude that there is substantial evidence supporting the administrative law judge's decision denying benefits. Accordingly, it is **RECOMMENDED** that the decision of the Commissioner of Social Security be **AFFIRMED.** It is **FURTHER RECOMMENDED** that plaintiff's motion for sum-

mary judgment be **DENIED** and that defendant's motion for summary judgment be **GRANTED.**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel<br>
United States Magistrate Judge